Matter of Bryant D. (Brianna G.)

2026 NY Slip Op 02837

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Bryant D. (Anonymous). Rockland County Department of Social Services, respondent; Brianna G. (Anonymous), appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2025-03257, (Docket No. B-1631-23)

Cheryl E. Chambers, J.P.

Linda Christopher

Helen Voutsinas

Phillip Hom, JJ.

Eric Ole Thorsen, New City, NY, for appellant.

Thomas E. Humbach, County Attorney, Pomona, NY (Barbara M. Wilmit of counsel), for respondent.

Legal Aid Society of Rockland County, New City, NY (Jacqueline Sands of counsel), attorney for the child.

[*1]

DECISION & ORDER

In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from a corrected order of fact-finding and disposition of the Family Court, Rockland County (Christopher J. Exias, J.), dated March 3, 2025. The corrected order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred guardianship and custody of the subject child to the Rockland County Department of Social Services for the purpose of adoption.

ORDERED that the corrected order of fact-finding and disposition is affirmed, without costs or disbursements.

The petitioner, Rockland County Department of Social Services, commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject child on the ground of permanent neglect. The Family Court found, after a fact-finding hearing, that the mother permanently neglected the child, and, after a dispositional hearing, the court terminated the mother's parental rights and transferred guardianship and custody of the child to the petitioner for the purpose of adoption. The mother appealed (see Matter of Bryant D. [Brianna G.], ___ AD3d ___ [Appellate Division Docket No. 2024-08024; decided herewith]). On March 3, 2025, the court issued a corrected order of fact-finding and disposition, finding that the mother permanently neglected the child, terminating the mother's parental rights, and transferring guardianship and custody of the child to the petitioner for the purpose of adoption. The mother appeals.

Contrary to the mother's contention, the Family Court properly issued the corrected order of fact-finding and disposition to conform the findings of fact to the court's decision from the bench at the close of the fact-finding hearing (see Sokoloff v Schor, 176 AD3d 120, 130; Matter of Robin Victoria P., 34 AD3d 292, 293).

In a proceeding to terminate parental rights because of permanent neglect, the agency must demonstrate by clear and convincing evidence that it has fulfilled its statutory duty to exercise [*2]diligent efforts to encourage and strengthen the parent-child relationship (see Matter of Ahking-Tyheem C.J. [Letitia M.E.], 238 AD3d 754, 755; Matter of Dynasty S.G. [Paula G.], 228 AD3d 657, 658-659). Once an agency demonstrates that it made diligent efforts to encourage and strengthen the parental relationship, the agency bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so (see Matter of Ryder S.R. [Shaquana R.], 236 AD3d 1045, 1046). "'However, in providing appropriate services to a parent, an agency need not guarantee that the parent succeed in overcoming his or her predicaments'" (Matter of Benz G. [Nadia B.], 241 AD3d 681, 683 [internal quotation marks omitted], quoting Matter of Christopher C. [Sonia C.], 235 AD3d 856, 866-867). "'An agency that has exercised diligent efforts but is faced with an uncooperative parent is deemed to have fulfilled its statutory obligations'" (id., quoting Matter of Zechariah J. [Valrick J.], 84 AD3d 1087, 1087). The credibility findings of the Family Court should be accorded great deference, as it had direct access to the parties and was in the best position to evaluate their testimony, character, and sincerity (see id.; Matter of Derrick D.A. [Shavonna L.L.D.], 134 AD3d 928, 929).

Here, the petitioner established, by clear and convincing evidence, that it exercised diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]; Matter of Storm A.H. [Jahmel W.], 246 AD3d 803, 803; Matter of Joseph I.N. [Amy S.R.], 159 AD3d 705, 706). These efforts included scheduling and facilitating visitation both at the petitioner's premises and at an external location, referring the mother to mental health treatment programs, and assisting the mother in securing stable employment and adequate housing, including an opportunity that the mother was aware would result in her reuniting with the child.

The petitioner also established by clear and convincing evidence that the mother failed to plan for the child's future. Despite the petitioner's diligent efforts, the mother failed to complete her mental health treatment and was discharged for nonattendance, failed to consistently attend visitation with the child, and failed to take advantage of the employment and housing assistance offered to her by the petitioner. Neither the mother's partial compliance nor her post-petition progress precludes a finding of permanent neglect (see Matter of Mateo M.Q. [Jessica Q.], 185 AD3d 1037, 1038).

At a dispositional hearing, the Family Court's disposition must be made solely on the basis of the best interests of the child with no presumption that such interests will be promoted by any particular disposition (see Family Ct Act § 631; see Matter of Star Leslie W., 63 NY2d 136, 147-148; Matter of Tyjon R. [Felicia R.], 240 AD3d 702, 704). The factors to be considered in making a determination include the parent's capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect (see Matter of Hanah A. [Isshak A.], 238 AD3d 1138, 1139). At disposition, there is no presumption that those interests will be served best by a return to the biological parent (see id.).

Here, the evidence adduced at the dispositional hearing demonstrated that the mother lacked capacity to properly care for the child, to communicate with the petitioner, or to resolve the issues which led to the removal of the child. Therefore, the Family Court properly determined that it was in the child's best interests to terminate the mother's parental rights and transfer guardianship and custody of the child to the petitioner for the purpose of adoption (see id.).

A dispositional order suspending judgment provides a brief grace period to give a parent found to have permanently neglected a child a second chance to prepare for reunification with the child (see Family Ct Act § 633; Matter of Michael B., 80 NY2d 299, 311). To warrant a suspended judgment, a parent must demonstrate progress in overcoming their problems (see Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 955). "Mere attempts are not sufficient" (id. [internal quotation marks omitted]). Here, as the mother did not demonstrate adequate progress in addressing the issues which led to the child's removal and the finding of permanent neglect, a suspended judgment would not be appropriate (see Matter of Asia M.A. [Nia H.], 238 AD3d 1135, 1137).

Finally, the new facts set forth by the mother on appeal do not demonstrate that the record before us is no longer sufficient for determining the appeals (see Matter of Michael B., 80 NY2d at 318; Matter of Tyjon R. [Felicia R.], 240 AD3d at 704).

Accordingly, we affirm the Family Court's corrected order of fact-finding and disposition finding that the mother permanently neglected the child, terminating the mother's parental rights, and transferring guardianship and custody of the child to the petitioner for the purpose of adoption.

The petitioner's request to strike certain portions of the mother's brief is not properly before this Court (see Matter of Sedina V.L. v Markis R.C., 198 AD3d 599, 599-600).

CHAMBERS, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court